**Curtis A. PHANEUF, a single man, Plaintiff–Appellant,**

v.

**GOVERNMENT OF INDONESIA, a foreign state; the Republic of Indonesia Defense Security Council, an agency or instrumentality of a foreign state; H.A. Mawardi, Ambassador, Republic of Indonesia, Defendants–Appellees.**

No. 00–15459.

D.C. No. CV–94–00746–WDB.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 17, 2001.[*]

Decided Sept. 13, 2001.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before WOOD,** KOZINSKI, and O'SCANNLAIN, Circuit Judges.

MEMORANDUM ***

Curtis A. Phaneuf appeals the judgment of the district court granting the Rule 12(b)(1) motion to dismiss filed by the Government of Indonesia, the Republic of Indonesia Defense Security Council (the "NDSC"), and Ambassador H.A. Mawardi (collectively, "Indonesia"). On remand from this court, *see Phaneuf v. Republic of Indonesia*, 106 F.3d 302 (9th Cir.1997) ("*Phaneuf I*"), the district court held that the issuers of certain promissory notes (the "NDSC notes") did not have the actual authority to issue them, that the creation of the notes was not a "commercial activity of a foreign state," and that the court therefore lacked subject-matter jurisdiction under the Foreign Sovereign Immunity Act ("FSIA")'s commercial activity exception. *See* 28 U.S.C. § 1605(a)(2). The facts and prior proceedings are known to the parties; they are not recited herein, except as necessary.

I

In *Phaneuf I*, we instructed the district court as follows: "[A]n agent must have acted with actual authority in order to invoke the commercial activity exception against a foreign state. We express no opinion as to whether the issuers of the NDSC notes or Ambassador Mawardi act-

---

** The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, *sitting by designation.*

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ed with actual authority. We remand to the district court to determine whether the commercial activity exception applies to the defendants." 106 F.3d at 308 (footnote omitted). On remand, Indonesia introduced extensive evidence that the notes' issuers (the "Indonesian agents") did not possess the actual authority to issue the notes or to incur debt obligations on the Indonesian government's behalf. Most significantly, Indonesia provided declarations and testimony from experts on Indonesian law who stated that pursuant to Presidential Decree 59/1972, non-departmental governmental institutions, such as the NDSC, may not seek or accept offers of foreign credit. These experts all concluded that the NDSC did not possess the actual authority to issue these notes. Indonesia also submitted evidence that Mawardi, as an ambassador, lacked the authority to sign the notes. Indonesia also provided a declaration from Ibnu Hartomo, a former NDSC official and principal issuer of the notes, who stated that he knew he lacked actual authority when he signed them.

Phaneuf did not provide to the district court any credible evidence of the Indonesian agents' actual authority. He now argues on appeal that Presidential Decree 59/1972 was invalid because it was not published in the official State Gazette. Phaneuf's argument is based on a small portion of Indonesia's expert witness's testimony, in which he stated that Indonesian statutes must be published to be valid. In a supplemental declaration, the expert witness clarified his testimony to explain that implementing regulations, such as Presidential Decree 59/1972, do not have to be published in the Gazette. Therefore, the district court properly relied on Presidential Decree 59/1972 when it determined that the Indonesian agents lacked actual authority to issue the NDSC notes.

Phaneuf argues that the district court erroneously relied on copies of Indonesian decrees and testimony and declarations about Indonesian law, when it should have realized that Indonesia is a "strong-man" regime where the president could disregard the law and enact and repeal decrees at his pleasure. Phaneuf did not provide any credible evidence to support this claim, and the district court properly refrained from speculating along these lines. *Cf. Zschernig v. Miller*, 389 U.S. 429, 88 S.Ct. 664, 19 L.Ed.2d 683 (1968).

Phaneuf also argues that we should reexamine our holding in *Phaneuf I* and consider theories of agency other than actual authority. This argument must fail, because Phaneuf has not met the standard to avoid the application of the law of the case doctrine: Our decision in *Phaneuf I* was not incorrect and its enforcement would not work a manifest injustice. *See Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir.1997) (en banc).

## II

■ The district court properly dismissed the claims against Mawardi. In *Phaneuf I*, we instructed the district court to determine if Mawardi acted within the scope of his authority: "If the district court finds that Mawardi's actions were within the scope of his authority, then Mawardi is entitled to a presumption of immunity under the FSIA; if Mawardi acted without authority, the FSIA cannot shield him from suit in his individual capacity." 106 F.3d at 307 (footnote omitted). The district court correctly concluded that the Indonesian agents (including Mawardi) did not possess the actual authority to issue the NDSC notes. Therefore, Mawardi's actions were *ultra vires*, permitting Phaneuf to sue Mawardi in his individual capacity. *See id.* at 307. However, Phaneuf only sued Mawardi in his

official capacity, and not as an individual. The district court properly dismissed the claims against Mawardi because it lacked jurisdiction over a suit against him in his official capacity. *See Trajano v. Marcos (In re Estate of Ferdinand E. Marcos Human Rights Litig.)*, 978 F.2d 493, 497 (9th Cir.1992).

### III

The district court did not abuse its discretion when it denied Phaneuf's "Motion for New Trial (Motion for Reconsideration)," which the district court properly treated as a Rule 60(b)(2) motion to relieve Phaneuf from the court's judgment. To be entitled to relief under this rule "the movant must show [that the newly-discovered] evidence (1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir.1990) (internal quotation marks omitted). None of the documents submitted with Phaneuf's motion would have been likely to change the disposition of the case because none of them were relevant to the question of the Indonesian agents' actual authority.

AFFIRMED.[1]

---

1. Pending before this court is Phaneuf's October 2, 2000, "Notice of Filing of Supplemental Exhibits," which we construe as a motion to take judicial notice. The materials attached to this motion are irrelevant to the issue on appeal. Therefore, Phaneuf's motion is DENIED, and Indonesia's December 12, 2000 motion to strike these supplemental exhibits is DENIED AS MOOT.